Shelburn v. Commonwealth.

| 85 | 173 |
| 115 | 488 |

CASE 25—INDICTMENT—FEBRUARY 8.

## Shelburn v. Commonwealth.

APPEAL FROM SPENCER CIRCUIT COURT.

A CLERK, BUSINESS MANAGER OR OTHER AGENT IS NOT GUILTY OF EM-BEZZLEMENT where money converted by him to his own use was collected by him for his principal by the principal's authority.

Appellant, having been employed by the officers and members of a church for the purpose of soliciting and collecting contributions to be used in paying for certain work done on the church building, converted to his own use seven dollars paid to him for that purpose. Under an indictment for embezzlement charging these facts he was convicted. *Held*—That appellant acted, in soliciting and collecting, solely on behalf of the church as its agent, and not on behalf of the subscribers, and a payment to him was a payment to the church. Therefore, he is not criminally liable, under the statute, for embezzlement.

J. G. OFFUTT FOR APPELLANT.

1. The indictment is insufficient in that it does not charge that the money was intrusted to the defendant to be delivered to some particular person or corporation at a certain time and place. It merely charges that it was the defendant's duty to have delivered the money to the officers of the church, which is not sufficient. (Commonwealth v Bull, MS. Op.; 3 British Jurist, p. 1179; Russell on Crimes, vol. 2 pp. 158-165; Bishop on Crimes, vol. 2, pp. 280-315; 2 Metc. (Mass.), 345-9; *Ibid.*, 142; Commonwealth v. Williams, 3 Gray, 461; Barclay v. Breckinridge, 4 Met., 375.)

2. There is no evidence tending to show that the defendant converted the money to his own use.

P. W. HARDIN FOR APPELLEE.

The indictment clearly charges that appellant was the trusted agent to receive and deliver certain money to certain persons; that he did receive it, and willfully and fraudulently embezzled and converted it to his own use. The proof fully sustains the charge.

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

The indictment under which the appellant was tried and convicted of the crime of embezzlement charges, in substance, that appellant was employed for and by the officers and members of the Colored Baptist Church, at Taylorsville, Kentucky, for the purpose of soliciting and collecting sums of money to be contributed by divers persons, for the purpose of paying for the plastering of the said church. That the appellant, as such soliciting and collecting agent and employe, did collect sums of money aggregating seven dollars from various persons, who contributed the same for said purpose, and which was to be paid over by appellant to the officers and members of said church. That appellant failed and refused to pay over the money thus collected to the officers and members of the church, but fraudulently converted the same to his own use.

Section 2, article 12, chapter 29, of the General Statutes, provides, in substance : First. That if any carrier, porter or other person in whom money or other property or thing, which may be the subject of larceny, may be delivered, to be carried for hire, shall embezzle or fraudulently convert to his own use, or secrete with intent to do so, any such property, either in mass or otherwise, before delivery thereof to the person to whom, or at the place at which the same were to be delivered, shall be confined in the penitentiary not less than

one nor more than five years.   Second.   That if any other person who may be intrusted with money or other property or thing, which may be the subject of larceny, to be delivered to another person, or at a particular place, for the purpose of being delivered to another person, shall embezzle or fraudulently convert to his own use such property, or any part of it, or secrete it with intent to do so, before delivery thereof to the person to whom it was to be delivered, or at the place it was to be delivered for the purpose of delivery to another person, he shall be confined in the penitentiary not less than one nor more than five years.

The first part of the statute relates to carriers, porters or other persons who undertake, for hire, to carry and deliver money or other property or thing, which may be the subject of larceny, from one person to another, or at some place to be delivered to another person.

The latter part of the statute relates to any other person who may be intrusted with money, or other property or thing which may be the subject of larceny, by a person to be delivered to another person, or at some place to be delivered to another person.   The person intrusting the money or property to the other to be delivered by that person, must have some interest in its delivery as agreed.

This view of the statute is sustained by the case of Barclay v. Breckinridge, &c., 4 Met., 378 ; also the case of the Commonwealth v. Ball, MS. Opinion, delivered at the January Term, 1884.

It was certainly not intended by the framers of the statute to make the clerk, business manager or agent

authorized to collect money for his principal or employer guilty of embezzlement, because of his conversion to his own use of money collected by him by the authority of his principal or employer.

The appellant, as is charged in the indictment, and as the proof clearly shows, was employed by the officers and members of the church to solicit and collect contributions from well-disposed persons, for the purpose of raising funds with which to plaster the church. As soon as these contributions were collected, they became the property of the officers and members of the church, and the contributors parted with their title to them and interest in them. The payment of the contributions to the appellant, as the agent of the church, was a payment to the church, and the church had no further claim upon the contributors. If the agent failed to pay over the contributions, the loss fell upon the church and not the contributors. Therefore, it can not be said that appellant was soliciting and collecting on behalf of the subscribers to the fund. He did not undertake to receive the subscriptions from the subscribers, and deliver them to the officers of the church on behalf of the subscribers. But acted in soliciting and collecting solely on behalf of the church as its agent. In this, he stood precisely in the same light as any private clerk or business manager collecting for his principal by the principal's authority.

Therefore, his wrongful conversion of the money collected did not make him criminally liable under the statute for embezzlement.

The case is reversed, with directions to grant appellant a new trial, and for further proceedings consistent with this opinion.